UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————X

UNITED STATES OF AMERICA,

                                              CASE NO.: 15-00504-CR-MKB

   - against -

DWAYNE ANTHONY MYERS,
     also known as "Tywan Leon Hall"

                                        Defendant.
———————————————————————————X

### MOTION TO WITHDRAW AS COUNSEL
### AND FILE AFFIDAVIT UNDER SEAL

Pursuant to Rule 1.16, the Law Offices of Simone Bertollini, P.C. and Paul F. O'Reilly, Esquire move this Court for an order granting permission to withdraw as counsel for Defendant, Dwayne Anthony Myers. The reasons for this request are Defendant's failure to pay legal bills and there has been a fundamental disagreement causing an irremediable breakdown in the attorney client relationship, which prevents the undersigned counsel from providing effective assistance of counsel. The details of these reasons are set forth in proposed Declarations of Simone Bertollini, Esquire and Paul F. O'Reilly, Esquire in support of the within motion to withdraw as counsel. The Law Offices of Simone Bertollini, P.C. and Paul F. O'Reilly, Esquire request that, if the Court wishes, they be permitted to file the proposed Declarations under seal allowing for the Court's *in camera* review and review by Defendant, but denying review by Plaintiff.

                              Respectfully submitted,

Date:  November 11, 2015          */s/ Paul F. O'Reilly, Esquire___*
      New York, New York          PAUL F. O'REILLY, ESQ.
                              *Pro Hac Vice*
                              Law Offices of Simone Bertollini, P.C.

paul@bertollini-oreilly.com
450 Seventh Avenue, Suite 1408
New York, NY 10123
Tel: (212) 566-3572
Fax: (917) 512-4400
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
—————————————————————X

UNITED STATES OF AMERICA,

                                        CASE NO.: 15-00504-CR-MKB

    - against -

DWAYNE ANTHONY MYERS,
         also known as "Tywan Leon Hall"

                             Defendant.
—————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW
AS COUNSEL AND FILE DECLARATION UNDER SEAL**

**ARGUMENT**

**I.        Withdrawal is proper.**

Under Rule 1.16 of New York Professional Conduct, "Declining or Terminating

Representation" counsel may withdraw if "the client deliberately disregards an agreement or

obligation to the lawyer as to expenses or fees. See Rule 1.16(c)(5). Counsel may also withdraw

if there has been a fundamental disagreement which renders the representation unreasonably

difficult to for the lawyer to carry out employment effectively. See Rule 1.16(c)(7).

It is well settled that a client's failure to pay legal fees constitutes a satisfactory reason for

withdrawal as counsel. *Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*, 464 F.Supp. 164, 165-66

(E.D.N.Y. 2006). It is also well settled that a fundamental disagreement between the attorney and

the client which renders the representation unreasonably difficult to for the lawyer to carry out

employment effectively constitutes a satisfactory reason for withdrawal as counsel. The proposed

Declarations set forth in detail Defendant's failure to pay outstanding legal fees and the law

firm's efforts to address the legal fee matter to avoid the need for this motion, as well as

fundamental disagreement causing an irremediable breakdown in the attorney client relationship which prevent the undersigned counsel from providing effective assistance of counsel. *Furlow v. City of New York*, 90 Civ. 3956, 1993 WL 88260 at *2 (S.D.N.Y. March 22, 1993). The law is clear that where there has been a breach of trust on the part of the client or a challenge to the attorney's loyalty, the attorney should be permitted to withdraw. See *Hunkins v. Lake Placid Vacation Corp*., 508 N.Y.S.2d 335, 337 (3d Dep't 1986); In *re Meyers*, 120 B.R. 751, 752 n.2 (Bankr. S.D.N.Y. 1990).

In order to not prejudice Defendant, Simone Bertollini, P.C. and Paul F. O'Reilly, Esq. refrain from in the instant filing from setting forth those details and relies on the Court to determine to order that the proposed Declarations be filed under seal, with a copy to be served on Defendant for the Court's review *in camera*, if the Court wishes to satisfy itself that such failures constitute "satisfactory reasons" in the instant context.

Because Rule 1.16 mandates that an attorney may seek to withdraw only where "withdrawal can be accomplished without material adverse effect on the interests on the client," a great weight is placed on the stage of proceeding in which the request is made. Here, the request is not being made on the "eve of trial." Defendant was indicted on three charges on or about October 7, 2015. Around or about Wednesday, November 4, 2015 the Government mailed out discovery to counsel. Some discovery is still outstanding. A status conference hearing is scheduled for November 19, 2015. Additionally, counsel has worked on the matter diligently and sought payment of fees diligently from Defendant. This is not a situation where dilatory in making the motion to withdraw. *State v. MacMilan*, 561 N.Y.S. 2d 512, 515 (1990).

If The Law Offices of Simone Bertollini, P.C. and Paul F. O'Reilly, Esquire are permitted to withdraw, we respectfully request that Defendant be permitted 30 days to enter the

appearance of successor counsel. See *HCC, Inc. v. RH&M Machine Co*., 1998 U.S. Dist. LEXIS

10977 (S.D.N.Y. 1998) (withdrawal granted and Defendant granted 30 days to select successor

counsel). Once Defendant has selected such counsel, Simone Bertollini, P.C. and Paul F.

O'Reilly, Esquire will assist counsel to become knowledgeable about the case and transfer all

files.

**II.    The Supporting Declarations Should be Filed Under Seal.**

Because the proposed Declarations pertain to attorney-client communications and legal

fees, prevailing law supports it being field under seal and not being provided to Plaintiff in order

to avoid potential prejudice. *Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*, 464 F.Supp. 164-165

(E.D.N.Y. 2006). *The Team Obsolete* Court opined that, "a review of the relevant case law

demonstrates that documents in support of motions to withdraw as counsel are routinely filed

under seal where necessary to preserve the confidentiality of the attorney-client relationship

between a party and its counsel, and that this method is viewed favorably by the courts." *Id.*

(citing Weinberger v. Provident Life & Cas. Ins. Co., No.97-cv-9262, 1998 U.S. Dist. LEXIS

19859) (S.D.N.Y. 1998)).

If the Court wishes to review the proposed Declarations in camera, it will see that the

Declarations contains confidential information about the legal fees and a fundamental

disagreement which renders the representation unreasonably difficult to for the lawyer to carry

out employment effectively. The Government has no interest in the outcome of the fee dispute or

disagreements between counsel and Defendant, and thus the Declarations should be permitted to

be filed under seal. *Id.* (citing *Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc.*,

806 F.Supp. 23 (E.D.N.Y.1992)).

For all of the foregoing reasons, counsel respectfully requests that they be permitted to

file the proposed Declarations under seal, and that upon review, the Court grant the within

motion to withdraw as counsel for Defendant in this matter.


                                                    Respectfully submitted,

Date:  November 11, 2015                */s/ Paul F. O'Reilly, Esquire___*
          New York, New York             PAUL F. O'REILLY, ESQ.
                                           *Pro Hac Vice*
                                         The Law Offices of Simone Bertollini, P.C.
                                       paul@bertollini-oreilly.com
                                       450 Seventh Avenue, Suite 1408
                                       New York, NY 10123
                                       Tel: (212) 566-3572
                                       Fax: (917) 512-4400
                                       Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 11, 2015, I electronically filed this motion to

withdraw as counsel and supporting papers with the Clerk of the Court using CM/ECF. I also

certify that the foregoing has been mailed this day to Defendant, Dwayne Anthony Myers via

regular and certified mail to the following address:

Dwayne Anthony Myers
c/o Metropolitan Detention Center
80 29th St
Brooklyn, New York, 11232

*/s/ Simone Bertollini, Esquire*
SIMONE BERTOLLINI, ESQ.
The Law Offices of Simone Bertollini, P.C.
simone.bertollini@gmail.com
450 Seventh Avenue, Suite 1408
New York, NY 10123
Tel: (212) 566-3572
Fax: (917) 512-4400
Attorneys for Defendant

## <u>SERVICE LIST</u>

Tanya Hajjar, AUSA
U.S. Attorney's Office, Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6109
718-254-6076 (fax)
tanya.hajjar@usdoj.gov


Daniel DeMaria, Esquire
Merchant Law Group LLP
203 East Post Road
White Plains, NY 10601
914-620-2225
877-607-5419 (fax)
ddemaria@nyslitigators.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

UNITED STATES OF AMERICA,

                                           CASE NO.: 15-00504-CR-MKB

    - against -

DWAYNE ANTHONY MYERS,
        also known as "Tywan Leon Hall"

                           Defendant.
_____X

### ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

      Having considered The Law Offices of Simone Bertollini, P.C. and Paul F. O'Reilly,

Esquire's motion to withdraw as counsel for Defendant Dwayne Anthony Myers, it is hereby

ORDERED that Simone Bertollini, Esquire and Paul F. O'Reilly, Esquire are permitted to

withdraw as counsel, and Defendant is permitted 30 days to enter the appearance of successor

counsel.

      IT IS SO ORDERED.


                                  _____

                                  Hon. Margo K. Brodie
                                  United States District Judge

Copies furnished to:
All Counsel of Re